# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID JAMES WARD,** | Civil Action No. 17-2301 (WHW) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

This matter has been opened to the Court by David James Ward's ("Petitioner" or "Mr. Ward") filing of a "MOTION PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(b)(2) FAILURE OF AN INDICTMENT TO STATE AN OFFENSE IS A FUNDAMENTAL DEFECT AND IT CAN BE RAISED AT ANY TIME" (Civ. Act. No. 17-2301, ECF No. 1), which was docketed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

1. The Court must screen the Motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court, to determine whether it "plainly appears from the motion, any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief . . ."

2. More than twenty years ago, in January 1996, Petitioner was indicted on one count of kidnapping in violation of 18 U.S.C. § 1201. Petitioner pled guilty to the indictment in July 1996. (*See* Application for Permission to Enter Plea of Guilty, *United States v. Ward*, No. 96-61 (D.N.J. July 10, 1996.) On January 7, 1997, the district court sentenced Ward to 720 months imprisonment. *See United States v. Ward*, 131 F.3d 335, 338 (3d Cir. 1997). Petitioner

1

appealed and the Third Circuit affirmed his sentence.[1] *Id.* at 343. Petitioner did not file a petition for writ of certiorari.

3. Mr. Ward has since filed at least six challenges to his sentence, and the Court recently dismissed as second or successive a § 2255 petition that raised the same claim he now brings in the instant Petition. *See Ward v. United States*, No. CV 16-4101 (WHW), 2016 WL 6090728, at *1-2 (D.N.J. Oct. 18, 2016) (recounting Petitioner's prior challenges to his sentence). Petitioner appealed, and the Third Circuit denied a certificate of appealability. (*See* Civ. Act. No. 16-4101, ECF Nos. 11-12.)

4. The caption for the instant motion lists the docket number in Petitioner's criminal case, *i.e.*, Criminal Act. No. 96-61 (WHW), and the motion itself does not state that Mr. Ward is seeking to bring yet another motion to vacate sentence pursuant to § 2255. To the extent the instant motion can be construed as a motion to vacate sentence pursuant to § 2255, it is subject to dismissal for lack of jurisdiction, as Mr. Ward has previously challenged his sentence pursuant to § 2255 and has not sought permission from the Circuit to file a second or successive petition.[2] Before this Court may consider a second or successive § 2255 motion, Petitioner must obtain an order of authorization from the Third Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2255 Rule 9. As Petitioner has not obtained such an order, this Court must either dismiss the motion or

---

[1] Petitioner argued that the district court erred when it ordered him to undergo the blood test for the presence of HIV and when it departed upwardly based on his having committed a similar sexual assault in 1983 in Minnesota. Third Circuit affirmed the judgment of the district court except as to its order with respect to Ward's blood testing, which it vacated pending the district court's making the findings required by the Violence Against Women Act, 42 U.S.C. § 14011(b)). *See id.*

[2] Federal courts may, but are not required to, "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003).

transfer it to the Third Circuit. *See United States v. Hawkins*, 614 Fed. Appx. 580, 582 (3d Cir. 2015). The Court finds that it is not in the interests of justice to transfer the motion to the Third Circuit as it does not appear that Petitioner can satisfy the requirements of § 2255(h) because his claims are not based on a new Supreme Court decision or newly discovered evidence.

5. The Court will also deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the motion as second or successive is correct because, as stated, Petitioner's claims are not based on newly discovered evidence or a new Supreme Court decision.

6. To the extent Petitioner's submission may be construed as a criminal motion, the Court denies the motion as untimely, as Fed. R. Crim. P. 12(b)(2) does not permit a criminal defendant to seek relief where his case is no longer "pending." *See, e.g., United States v. Rashid*, 654 F. App'x 54, 57 (3d Cir. 2016) (assuming without deciding, in relevant part, that a case may still be "pending" for purposes of Rule 12(b)(2) where direct appeal had concluded but the time for filing a petition for certiorari had not expired), *cert. denied*, 137 S. Ct. 1099, 197 L. Ed. 2d 206 (2017). Here, Petitioner's direct appeal concluded nearly twenty years ago. As such, the

time for filing a motion under Fed. R. Crim. P. 12(b)(2) has long expired. For that reason, Petitioner's motion for relief under Rule 12(b)(2) is denied as untimely. An appropriate Order follows.

Date: 11 July 2017

William H. Walls
Senior United States District Judge